IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REINALDO GONZALEZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2038 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                   March 1, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 10)[1] and defendant's response thereto (Doc. No. 14), the court makes the following findings and conclusions:

1. On July 5, 2007, Reinaldo Gonzalez ("Gonzalez") filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of May 1, 2007. (Tr. 66-69). Throughout the administrative process, including an administrative hearing held on August 26, 2008 before an ALJ, Gonzalez's claims were denied. (Tr. 10-18; 19-37; 40-44). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Gonzalez filed his complaint in this court on May 6, 2010. (Tr. 1-3; Doc. No. 3).

2. In his October 1, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Gonzalez had severe coronary artery disease status-post coronary artery bypass graft x1 with defibrillator, and insulin-dependent diabetes mellitus; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform sedentary work with no climbing of ladders, ropes or scaffolds, and no concentrated exposure to extreme hot or cold temperatures, humidity, fumes, odors, dust, gases, or poor ventilation; (4) Gonzalez could perform work existing in significant numbers in the national economy; and (5) he was not disabled. (Tr. 10 ¶ 4; 12 Finding 2; 13 Finding 3; 14 Finding 4; 17 Finding 9; 18 Finding 10; 18 ¶ 1).[2]

3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v.

---

[1] Plaintiff actually filed a motion for summary judgment. However, because the procedural order does not contemplate such motions, I will consider plaintiff's submission as a brief and statement of issues in support of request for review. (Doc. No. 4).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Gonzalez raises several arguments that may be expressed as two concerns: (1) that the ALJ erroneously failed to find that Gonzalez met listing 4.04C (Ischemic heart disease); and (2) that the ALJ erred in finding he could read and write in English. These arguments are addressed below. However, upon independent consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A. In order to meet Listing 4.04C, a claimant must show: (1) 50% to 70% narrowing of various non-bypassed coronary arteries, which (2) results "in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 4.04C.

Gonzalez first contends that the ALJ failed to review, *inter alia*, a June 4, 2007 catheterization allegedly demonstrating the requisite arterial narrowing before determining that there was no evidence of the clinical signs and laboratory findings necessary for 4.04C. (Tr. 13 ¶ 5; 133-34). Defendant does not dispute this argument in his brief. Therefore, for the purposes of this opinion, I will assume that Gonzalez did in fact meet the first subsection of Listing 4.04C and that the ALJ erred by finding otherwise. However, I further find that such an error would be harmless because the ALJ reasonably found that Gonzalez's testimony established that he adequately performs activities of daily living and, thus, does not meet subsection two of Listing 4.04C. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case). The ALJ supported this conclusion by noting that Gonzalez testified that he, *inter alia*, visits friends and attends church, builds models, exercises, prepares his own meals, food shops and cleans with the help of his sister. (Tr. 15 ¶¶ 1-3; 26-28); see also (Tr. 97-102). Gonzalez also testified that he felt he could perform some full-time light work and the VE testified that even fully crediting Gonzalez's testimony, there would still be work that he could perform. (Tr. 15 ¶ 3; 28; 34). I find that this is substantial evidence to support the conclusion that Gonzalez did not have "very serious limitations" in his ability to perform activities of daily living and that Gonzalez, therefore, did not meet Listing 4.04C.

Gonzalez also alleges that the ALJ should have given more weight to his testimony regarding perceived limitations in his ability to perform activities of daily living.

2

"Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). While the ALJ did credit much of Gonzalez's testimony, he did discount some of Gonzalez's allegations after noting that his medical treatment since the cardiac surgery has been conservative, his blood sugar levels are controlled, he alleviates pain with Tylenol, he exercises, he testified to performing significant activities of daily living, and testified that he could perform some light work. (Tr. 15 ¶ 4). I conclude that the above consists of substantial evidence in support of the ALJ's credibility determination.

I therefore find that the conclusion of the ALJ that Gonzalez did not meet Listing 4.04C was supported by substantial evidence and Gonzalez's argument to the contrary must fail.

B. Gonzalez also argues that the ALJ erred in finding that he could read and write English. Gonzalez does not provide any support for this argument. Although Gonzalez testified that he did not read or write too well in English, he has a tenth grade education, was able to complete an Adult Function Report in English, testified that he could read instructions in English, and stated that he could read and write in English and could follow written directions very well. (Tr. 15 ¶ 3; 29; 32; 83; 97-106). I conclude that this is substantial evidence in support of the ALJ's conclusion that Gonzalez could read and write in English. Therefore, Gonzalez's claim to the contrary is not meritorious.

5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Gonzalez was not disabled was legally sufficient and supported by substantial evidence. As a result, Gonzalez's request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.